IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JAMES C. PATTERSON, | : |
| Petitioner, | : |
| V. | : NO. 5:22-cv-00435-MTT-CHW |
| WARDEN CHARLES MIMS, | : |
| Respondent. | : |

# ORDER

Petitioner James C. Patterson, a prisoner in Wilcox State Prison in Abbeville, Georgia, filed a recast petition for a writ of habeas corpus and a motion for leave to proceed *in forma pauperis*. Recast Petition, ECF No. 13; Mot. for Leave to Proceed *In Forma Pauperis*, ECF No. 14; Attach. to Response to Order to Show Cause, ECF No. 19-2. Thereafter, Petitioner's motion to proceed *in forma pauperis* was denied, and Petitioner was ordered to pay the $5.00 filing fee. Order, ECF No. 20. Petitioner has now paid the filing fee, and thus, this case may proceed.

As an initial matter, Petitioner named the State of Georgia as the respondent in the petition. Because Petitioner is a prisoner in Wilcox State Prison, however, the proper respondent to the petition is Warden Charles Mims. *See* 28 U.S.C. § 2242 (providing that the proper respondent to a petition for a writ of habeas corpus is "the person who has custody over [the petitioner]"); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004) (explaining that a petitioner's custodian "is 'the person' with the ability to produce the prisoner's body before the habeas court"). Accordingly, the style of this case has been

corrected to show Warden Mims as the respondent.  *See Jackson v. Chapman*, 589 F. App'x 490, 491 n.1 (11th Cir. 2014) (per curiam) (recognizing the district court's *sua sponte* substitution of the proper respondent in a habeas action and citing *West v. Louisiana*, 478 F.2d 1026, 1029 (5th Cir. 1973), for the proposition that "denial of a habeas petition for failure to name the proper respondent 'would give an unreasonably narrow reading to the habeas corpus statute'").   The Clerk is **DIRECTED** to update the docket accordingly.

It is now **ORDERED** that, within thirty (30) days of the date of this order, Petitioner amend his petition to include every unalleged possible constitutional error or deprivation entitling him to federal habeas corpus relief, failing which Petitioner will be presumed to have deliberately waived his right to complain of any constitutional errors or deprivations other than those set forth in his initial habeas petition.  If amended, Petitioner will be presumed to have deliberately waived his right to complain of any constitutional errors or deprivations other than those set forth in his initial and amended habeas petitions.

It is further **ORDERED** that Respondent file an answer to the allegations of the petition and any amendments within sixty (60) days after service of this Order and in compliance with Rule 5 of the Rules Governing Section 2254 Cases.   Either with the filing of the answer or within fifteen (15) days after the answer is filed, Respondent shall move for the petition to be dismissed or shall explain in writing why the petition cannot be adjudicated by a motion to dismiss.   Any and all exhibits and portions of the record that Respondent relies upon must be filed contemporaneously with Respondent's answer or dispositive motion.

No discovery shall be commenced by either party without the express permission of the Court.  Unless and until Petitioner demonstrates to this Court that the state habeas Court's fact-finding procedure was not adequate to afford a full and fair evidentiary hearing or that the state habeas court did not afford the opportunity for a full, fair, and adequate hearing, this Court's consideration of this habeas petition will be limited to an examination of the evidence and other matters presented to the state trial, habeas, and appellate courts.

Pursuant to the memorandum of understanding with the Attorney General of the State of Georgia, a copy of the petition and a copy of this Order shall be automatically served on the Attorney General and Respondent electronically through CM/ECF.  A copy of this Order shall be served by the Clerk by U.S. mail upon Petitioner.  Petitioner is advised that his failure to keep the Clerk of the Court informed as to any change of address may result in the dismissal of this action.

**SO ORDERED**, this 20th day of June, 2023.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge